IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMANTHA FARMER and | § | PLAINTIFFS |
| KARL FARMER | § | |
| | § | |
| v. | § | Civil Action No. 1:05CV496LG-RHW |
| | § | |
| SAM'S EAST, INC. | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THIS COURT is the Motion of the Defendant, Sam's East, Inc. ("Sam's"), for Summary Judgment pursuant to FED. R. CIV. P. 56. Plaintiff, Samantha Farmer, was shopping in Defendant's Gulfport, Mississippi, store when she was suddenly struck by a basketball. She seeks compensatory damages for her resulting injuries. Karl Farmer, Samantha Farmer's husband, asserts a derivative loss of consortium claim. Defendant contends that Plaintiffs cannot demonstrate the elements necessary to establish premises liability under Mississippi law, thus entitling it to judgment as a matter of law. After consideration of Defendant's Motion, Plaintiffs' Response, Defendant's Rebuttal, the pleadings, affidavits, depositions, briefs and arguments of counsel and the relevant legal authority, it is the opinion of the Court that Defendant's Motion is well taken and should be granted.

**FACTS AND PROCEDURAL HISTORY**

On December 4, 2004, Plaintiffs were engaged in some late afternoon shopping Sam's store in Gulfport, Mississippi. While leaning over to examine merchandise,

Samantha Farmer was accidentally struck in the head by a basketball that was apparently thrown by another Sam's patron. A portable basketball goal was on display in the middle of the same aisle. Plaintiff alleges that the impact caused chipped teeth and injury to her neck and back. Karl Farmer witnessed the incident. Immediately following the accident, Karl Farmer sought a Sam's employee and directed him to call the manager. The manager, John Tuttle, arrived at the scene in order to garner information and to make a report.

A complaint was initially filed in the Circuit Court of Harrison County, Mississippi, First Judicial District. On November 7, 2005, Defendant removed the case to this Court. An amended complaint was filed on December 29, 2005, and second amended complaint was filed on March 6, 2006. Defendant filed the instant motion on September 20, 2006. Plaintiffs filed a response and a rebuttal was thereafter filed.

## DISCUSSION

FED. R. CIV. P. 56

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v.*

*Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 506 U.S. 973, 113 S. Ct. 462, 121 L. Ed. 2d 371 (1992).

If the movant meets his burden by proving the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex*, 477 U. S. at 325, 106 S. Ct. at 2553-54.  The nonmovant cannot discharge this burden by referring to the mere allegations or denials of the nonmoving party's pleadings; rather, the nonmovant must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); FED. R. CIV. P. 56(e).  If the nonmovant fails to present evidence showing that a genuine issue of material facts exists, then "the motion for summary judgment must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

PREMISES LIABILITY

In determining whether Defendant is entitled to judgment as a matter of law on the premises liability claim, this Court must engage in a three-step analysis under Mississippi law in order to: (1) determine the status of the injured party as that of either an invitee, licensee, or

trespasser; (2) identify, based on the party's status, the duty which was owed to the injured party; and, (3) analyze whether the landowner or business operator breached this duty. *Titus v. Williams,* 844 So.2d 459, 467 (Miss.2003); *see also Leffler v. Sharp,* 891 So.2d 152, 156 (Miss. 2004)(citing to *Massey v. Tingle,* 867 So.2d 235, 239 (Miss. 2004).

     A business invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage, . . . ." *Martin v. B.P. Exploration & Oil, Inc.*, 769 So.2d 261, 264 (Miss.Ct.App. 2000), *citing Hoffman v. Planters Gin Co., Inc.,* 358 So.2d 1008, 1011 (Miss.1978). In this case, it is undisputed that Plaintiffs were business invitees. The duty of a premises owner is to warn an invitee of dangerous conditions that are not readily apparent, of which the business owner knows or should know in the exercise of reasonable care. *Booth v. Wal-Mart Stores, Inc.* 75 F.Supp.2d 541, 544 (S.D. Miss. 1999); *citing Dickens v. Wal-Mart Stores, Inc.,* 841 F.Supp. 768, 770 (S.D. Miss. 1994). The owner of a business is . . . not liable for injuries caused by conditions which are not dangerous or which are or should be known or obvious to the customer. He is not required to keep the premises absolutely safe, or in such a condition that no accident could possibly happen to a customer." *Ball v. Dominion Ins. Corp.,* 794 So.2d 271, 273 (Miss.Ct.App. 2001) (citations omitted). Defendant, a premises owner, is not an insurer of the invitee's safety, but has only a duty to keep the premises reasonably safe, and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view. *McGovern v. Scarborough,* 566 So.2d 1225, 1228 (Miss. 1990).

     The next step in analyzing this premises liability claim is whether Defendant breached the aforementioned duty of care owed to the Plaintiffs as business invitees. Mississippi law provides

three theories upon which a plaintiff may rely in a premises liability claim: (1) that the defendant's own negligence created a dangerous condition which caused the plaintiff's injury; (2) that the defendant had actual knowledge of a dangerous condition but failed to adequately warn the plaintiff of the danger; and/or (3) that the dangerous condition existed for a sufficient amount of time so that the defendant should have known of the dangerous condition. *Grammar v. Dollar,* 911 So.2d 619, 624 (Miss.Ct.App. 2005); *see also Anderson v. B.H. Acquisition, Inc.,* 771 So.2d 914, 918 (Miss. 2000); *Downs v. Choo,* 656 So.2d 84, 86 (Miss. 1995). Under each theory, the plaintiff must first prove that a dangerous condition existed.

Plaintiffs contend that Defendant, through its employees, was negligent by causing the basketball display to be placed on the aisle of the store. Plaintiffs, therefore, submit that "notice to the Defendant is not required when the dangerous condition is created by the Defendant or his agents or employees." *Pl.'s Mem. Br. in Opposition to Def. Mot. for Summary Judgment at p.5*. Plaintiffs are correct in that "Mississippi law . . . requires the plaintiff to demonstrate that the dangerous condition was the result of an affirmative act of the proprietor." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994). In support of their allegations that Defendant created the dangerous condition by setting up the basketball display, Plaintiffs rely on the expert opinion of William Julio who states in part that:

> [t]he fact that customers and children touch displays and products such as this basketball display, should have been considered by the store in the 'exercise of reasonable care' with respect to displaying a game on the sales room floor areas, which they invited participants. This occurrence, due to the fact that Sam's is a self-service type of store, attributes to a customer's interaction with displays is more readily foreseeable, therefore the store should exercise even greater care. Sam's store created this hazard when they set up this display. . . . The above deviations from accepted industry norms exposed Ms. Farmer to a foreseeable risk of harm, causing her to be injured. *Report of Bill Julio, att. as Ex. "A" to Plaintiffs' Response to*

*Mot. for Summary Judgment.*

In contrast, the report prepared by Defendant's expert J. Terrence Grisim, states that:

> there is no practice or industry standard in the retail industry calling for these displays to be placed under any restriction or control by the retailer.  In addition, there is no retail industry standard or practice to provide any type of warning in conjunction with their display. . . . There is no testimony that any of the Sam's employees encountered this child or saw what he was doing.  As such there is nothing Sam's could have reasonably done to prevent this accident.  *Report of J. Terrence Grisim, att. as Ex. "D" to Defendant's Rebuttal.*

In *Davis v. United States of America,* 2006 WL 533413 (N.D. Miss. March 3, 2006), Plaintiffs brought a negligence action contending that Defendant created an unreasonably dangerous condition by rigging a slingshot for use at a Wacky Glo-Ball Golf Tournament. Plaintiffs further alleged that Defendant failed to warn of the hidden danger of operating the apparatus.  The Court, in granting summary judgment in favor of the premises owner, held that because the Plaintiffs failed to set forth "even a scintilla of evidence in support of their position that the slingshot was unreasonably dangerous" they failed to satisfy their burden in establishing that the defendant breached its duty to exercise reasonable care to keep the premises in a reasonably safe condition. *Id.*  at *3.  "The plaintiffs are not allowed to rely on the mere fact that the accident occurred in order to show that the slingshot apparatus was unreasonably dangerous." *Id.*  To establish negligence on the part of a premises owner, a plaintiff "must bring forward significant probative evidence demonstrating the existence of a triable issue of fact."  *Young v. Wendy's Intern., Inc.,* 840 So.2d 782 (Miss.Ct.App. 2003); *citing Newell v. Hinton,* 556 So.2d 1037, 1041 (Miss.1990).   In *Young v. Wal-Mart Stores, Inc*., 433 S.E.2d 121 (Ga.App. 1993), the issue was whether a treadmill on display exposed business invitees to an unreasonable risk of harm.  Ultimately, the Court determined that there was insufficient evidence to establish that the

treadmill on display was a perilous instrumentality: "Wal-Mart had no constructive knowledge that the treadmill could be considered a perilous instrumentality, Wal-Mart did not breach its legal duty and expose Plaintiffs to an unreasonable risk of harm while on its premises." *Young*, 433 S.E.2d at 123; *see also Evans v. U.S.*, 824 F.Supp. 93, 97 (S.D. Miss.1993); *Buck ex rel. Buck v. Camp Wilkes, Inc.*, 906 So.2d 778, 781 (Miss.Ct.App. 2004)(Court was "not prepared to say that a bunk bed being used by a thirteen-year old without guard rails is a dangerous instrumentality." ).

According to Samantha Farmer, at the time she was struck with the basketball, she did not observe anyone on the aisle playing with the basketball arcade or basketballs themselves. *Dep. of Samantha Farmer att. as Ex. 5 to Defendant's Motion for Summary Judgment, at pp. 80-81, 83.* In her written statement, Farmer mentions that after she was hit with the ball, a little boy, probably around the age of eight years old, approached her to retrieve the ball and later apologized to her. *Statement of Samantha Farmer att. as Ex. 3 to Defendant's Motion for Summary Judgment.* Similarly, Karl Farmer did not notice any Sam's employees, boys or people playing basketball in or near the area at the time his wife was struck. *Dep. of Karl Farmer att. as Ex. 6 to Defendant's Motion for Summary Judgment, at pp. 29-31.*

Mississippi law does not "subject store owners who allow customers to walk around the store with food, toys or other potentially 'dangerous objects' to a strict liability standard. A store owner's duty to business invitees is a duty of ordinary care to keep the premises in a reasonably safe condition, a negligence standard. Reasonably safe does not mean completely risk free." *Sullivan v. Skate Zone, Inc.*, ___ So.2d __, 2007 WL 92898 (Miss.Ct.App. January 16, 2007),

*quoting Byrne v. Wal-Mart Stores, Inc*., 877 So.2d 462, 466-67 (Miss.Ct.App. 2003).  There is no credible summary judgment evidence (nor would one expect to find any) which tends to establish that a portable basketball goal, while on display in a department store, is in and of itself a "dangerous instrumentality."  There is no evidence which tends to show that this basketball goal display incited a child to throw a basketball at the Plaintiff.  Instead, the record merely establishes that Plaintiff was unintentionally struck by a basketball that was apparently mishandled by an unattended child.  As noted above, Defendant is not an insurer of the Plaintiffs' safety.  Its duty is limited to keeping the premises reasonably safe, and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view.  Plaintiff has not demonstrated that their exists evidence from which a jury could conclude that Sam's breached this duty.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion of the Defendant Sam's East, Inc. for Summary Judgment, filed September 20, 2006, [57-1] pursuant to FED. R. CIV. P. 56(c), should be, and is hereby **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 31th day of January, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
